UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

KENNETH DALE SANDERS,           )
                                )
   Petitioner,                  )   Civil Action No. 15-51-HRW
                                )
V.                              )
                                )
JODIE SNYDER-NORRIS, Warden,    )   **MEMORANDUM OPINION**
                                )   **AND ORDER**
   Respondent.                  )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by federal inmate Kenneth Dale Sanders. [D. E. No. 1] The Court reviews habeas corpus petitions to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)); 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

On October 24, 2003, in Winchester, Tennessee, Sanders pled guilty to conspiracy to manufacture 50 or more grams of methamphetamine in violation of 21 U.S.C. § 846 and to possession of a firearm in furtherance of a drug trafficking

1

crime in violation of 18 U.S.C. § 924(c) in exchange for the dismissal of other drug and firearms counts. In light of two prior felony drug convictions in 1997 and 1998, the presentence investigation report indicated that Sanders qualified as an armed career criminal under U.S.S.G. 4B1.1. Accordingly, the trial court sentenced Sanders to 262 months imprisonment on the conspiracy charge to be followed by a 60-month consecutive term on the firearms charge. *United States v. Sanders*, No. 4:02-CR-54-CLC-1 (E.D. Tenn. 2002).

On direct appeal, the Sixth Circuit remanded for resentencing in light of *Booker v. United States*, 543 U.S. 220 (2005), but following remand the trial court imposed the same sentence. On his second appeal, Sanders acknowledged his prior convictions but argued that his sentence was excessive when the career offender enhancement was applied. The Sixth Circuit rejected that argument and affirmed Sanders' sentence on December 7, 2006.

Since that date, Sanders has filed a number of motions in the trial court, including several under 28 U.S.C. § 2255, challenging the application of the career offender enhancement to his sentence. In his April 11, 2008, motion under § 2255, Sanders contended that his 1997 conviction for possession of marijuana did not qualify as a valid predicate offense, an argument the trial court rejected on September 21, 2011.

2

In an October 14, 2010, motion, Sanders asserted that he was "actually innocent" of being a career offender, in part on the theory that the career offender enhancement violated the Constitution's prohibition against punishing a citizen a second time for conduct for which he had already been punished. The trial court denied the latter motion on July 13, 2011, on both procedural and substantive grounds, noting that Sanders' double jeopardy argument had been flatly rejected by the Supreme Court. *Sanders*, No. 4:02-CR-54-CLC-1 (E.D. Tenn. 2002) at D. E. No. 76, 80 (quoting *Spencer v. Texas*, 385 U.S. 554, 560 (1967) ("[Recidivist] statutes . . . have been sustained in this Court on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities.")).

Undeterred, Sanders repackaged this same argument in a series of motions and petitions filed in the trial court and with the Sixth Circuit on December 11, 2012; January 23, 2013; September 9, 2013; June 6, 2014; and September 8, 2015. *Sanders*, No. 4:02-CR-54-CLC-1 (E.D. Tenn. 2002) at D. E. Nos. 90, 92, 98, 102, 110. None were successful. In denying one motion, on December 23, 2013, the Sixth Circuit noted that:

> Double-jeopardy protections generally are not applicable to sentencing enhancements because such enhancements are not an "additional punishment for the previous offense; rather, they act to increase a sentence 'because of the manner in which [the defendant]

3

committed the crime of conviction.'" *Monge v. California*, 524 U.S. 721, 728 (1998) (quoting *United States v. Watts*, 519 U.S. 148, 154 (1997) (*per curiam*)); see also *United States v. Wheeler*, 330 F.3d 407, 413 (6th Cir. 2003) (holding that "double jeopardy principles generally have no application in the sentencing context").

*In re: Sanders*, No. 13-6065 (6th Cir. 2013).

Sanders filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court on July 20, 2015, asserting the same arguments previously considered and rejected by the trial court and the Sixth Circuit – that use of prior state drug convictions for which he had already been convicted and punished by state authorities to enhance his federal sentence violates the Double Jeopardy and/or Due Process clauses of the Constitution. [D. E. No. 1 at 4, 6-10]

If the Court were to reach the merits of this claim, it would plainly be frivolous. *Witte v. United States*, 515 U.S. 389, 397-400 (1995); *United States v. Lawrence*, 735 F. 3d 385, 427 (6th Cir. 2013) ("use of prior convictions to enhance a sentence for a subsequent offense does not constitute double jeopardy.") (citing *Schiro v. Farley*, 510 U.S. 222, 230 (1994)); see also *United States v. Ramirez*, 2015 WL 3423162, at *1 (10th Cir. May 29, 2015) ("To the extent Ramirez might instead suggest that the use of her prior convictions to increase her sentence runs afoul of the Double Jeopardy Clause, the United States Supreme Court has 'consistently rejected double jeopardy challenges to recidivism statutes.'") (citing *United States v. Andrews*, 447 F. 3d 806, 810 (10th Cir. 2006)).

4

But more fundamentally, Sanders may not assert this claim in a habeas corpus petition under § 2241. If a federal prisoner wishes to challenge the legality of his federal conviction or sentence, he must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a petition filed under 28 U.S.C. § 2241 is limited to challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

A narrow exception exists for certain statutory construction claims predicated upon an intervening Supreme Court decision which narrows the scope of conduct proscribed the statute of conviction, *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012), but Sanders makes no such claim here. And even this exception reaches only claims which challenge an underlying conviction, not objections to the sentence imposed. *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (noting that "claims of sentencing error may not serve as the basis for an actual innocence claim."). Because Sanders' claim does not fall within the savings

5

clause of § 2255(e), the Court must deny his petition under § 2241 for lack of jurisdiction.

Accordingly, **IT IS ORDERED** that:

1. Kenneth Sanders' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter an appropriate judgment contemporaneously with this Order.

This 1st day of October, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge